# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHAS SWEETENBURG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV409-108 |
| | ) | |
| DONALD JACKSON, *Warden*, and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, currently confined at D. Ray James Prison in Folkston, Georgia, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (Docs. 1 & 2.) Petitioner appears to lack sufficient resources to pay the filing fee, so his motion to proceed in forma pauperis is **GRANTED**. But because it plainly appears from his petition that he is not entitled to relief, the petition should be summarily **DISMISSED** under Rule 4, Rules Governing Section 2254 Cases.

This Court lacks jurisdiction to consider Sweetenburg's habeas claim, since this is his second federal habeas petition attacking the same 1989 state conviction. *See Sweetenburg v. Howerton*, No. CV401-293 (S.D. Ga. April 1, 2002) (§ 2254 case attacking same 1989 conviction and life sentence for rape, kidnapping, armed robbery, and battery). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Stat. 1214, amended the federal habeas statutes to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being brought in any district court. *See* 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. *Hill v.*

*Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); *In re Medina*, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

Moreover, the petition is untimely by many years. Indeed, the record shows that petitioner's previously filed § 2254 petition was dismissed as untimely.[1] *Sweetenburg*, No. CV401-293 (doc. 12). Because the instant petition is both successive and untimely, the Court should **DISMISS** it.

**SO REPORTED AND RECOMMENDED** this <u>2nd</u> day of July, 2009.

<u>G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[1] Sweetenburg attacks a pre-AEDPA conviction (conviction was final in 1990), so he had until April 23, 1997, one year after AEDPA's effective date, to file a § 2254 petition or otherwise toll the limitation period. *Wilcox v. Fla Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir . 1998). He moved for state habeas relief on March 28, 1997, allowing 339 days to elapse. *Sweetenburg*, No. CV401-293 (doc. 12 at 2). After his state habeas petition was denied, he allowed another 333 days to elapse before filing his first federal petition. *Id.* Accordingly, the one-year limitations period had long since elapsed, and the first petition was untimely. Sweetenburg provides no reason to run his limitation period from one of the different dates elaborated in 28 U.S.C. § 2244(d), thus this petition is also untimely.